1   Brent H. Blakely (SBN 157292)
    bblakely@blakelylawgroup.com
2   Cindy Chan (SBN 247495)
    cchan@blakelylawgroup.com
3   BLAKELY LAW GROUP
    915 North Citrus Avenue
4   Los Angeles, California 90038
    Telephone: (323) 464-7400
5   Facsimile: (323) 464-7410

6   *Attorneys for Plaintiffs*
    *Coach Inc., and Coach Services, Inc.*
7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                                      CV11·00362 DSF(AJWx)

11   COACH, INC., a Maryland Corporation;   )   CASE NO. CV
     COACH SERVICES, INC., a Maryland       )
12   Corporation,                           )   **COMPLAINT FOR DAMAGES:**
                                            )
13                      Plaintiffs,          )   1.  **TRADEMARK**
                                            )       **COUNTERFEITING;**
14           v.                              )
                                            )   2.  **FEDERAL TRADEMARK**
15   FASHION INNOVATION, INC., a            )       **INFRINGEMENT;**
     California Corporation d/b/a COMELY;    )
16   CATHERINE LEE, an individual; JAMES    )   3.  **FALSE DESIGNATIONS OF**
     LEE, an individual; and DOES 1-10,      )       **ORIGIN AND FALSE**
17   inclusive,                              )       **ADVERTISING;**
                                            )
18                      Defendants.          )   4.  **FEDERAL TRADEMARK**
                                            )       **DILUTION;**
19                                           )
                                            )   5.  **TRADEMARK DILUTION**
20                                           )       **UNDER CALIFORNIA LAW;**
                                            )
21                                           )   6.  **COMMON LAW UNFAIR**
                                            )       **COMPETITION**
22                                           )
                                            )       **JURY TRIAL DEMANDED**
23                                           )
                                            )
24                                           )

25       Plaintiffs Coach, Inc., and Coach Services, Inc. ("Plaintiffs") for their claims

26   against Defendants Fashion Innovation, Inc. dba Comely, Catherine Lee, and James

27   Lee (collectively "Defendants") respectfully allege as follows:

28   / / /

                                    1
                      **COMPLAINT FOR DAMAGES**

## JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendants for trademark infringement and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.     This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' trademark infringement claims.

3.     This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district, and the acts complained of occurred in this judicial district.

4.     This action arises out of wrongful acts by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6.     Upon information and belief, Defendant Fashion Innovation, Inc. dba Comely ("Comely") is a corporation duly organized and existing under the laws of the state of California with an office and principal place of business at 4621 South Alameda Street, Los Angeles, California 90058.

7.    Upon information and belief, Defendant Catherine Lee is an individual domiciled in this judicial district and/or doing business at Comely.

8.    Upon information and belief, Defendant James Lee is an individual domiciled in this judicial district and/or doing business at Comely.

9.    Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.    Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.    The Coach Brand and its Family of Marks**

11.    Coach was founded more than sixty years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States.

12.    Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks").

13.    Amongst the many Coach Marks, one of the most well-known and recognized marks is Coach's Signature "C" Mark (see below).  Coach has used the Signature "C" Mark in association with the sale of goods since as early as 2001.  The Signature "C" Mark was first registered at the U.S. Patent and Trademark Office on September 24, 2002.  Registrations for the Signature "C" Mark include, but are not limited to, U.S. Reg. Nos. 2,626,565; 2,822,318; and 2,832,589.



14.    Coach has used the Signature "C" Mark in connection with the sale of handbags and other leather and/or mixed material goods since as early as 2001.

15.    Coach has long been manufacturing and selling in interstate commerce various types of products under the Signature "C" Mark.  These registrations are valid and subsisting and are incontestable.  Through longstanding use, advertising, and registration, the Signature "C" Mark has achieved a high degree of consumer recognition and constitute famous marks.

16.    Plaintiff's Signature "C" Mark is highly recognized by the public and serve to identify the source of the goods as Coach.

17.    Coach has achieved sales volumes of over three billion dollars annually and has spent over a hundred million dollars in advertising, promoting, and marketing goods bearing the Coach Marks, many of which bear the Signature "C" Mark.  As such, the Signature "C" Mark and the goodwill associated therewith are valuable assets of Coach.

18.    Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Signature "C" Mark has achieved widespread acceptance and recognition among the consuming public and

COMPLAINT FOR DAMAGES

1  trade throughout the United States.  The arbitrary and distinctive Signature "C" Mark

2  identifies Coach as the source/origin of the goods on which it appears.

3      **B.**    **Defendants' Infringing Conduct**

4      19.   Defendant Comely has produced, distributed, advertised, offered for sale,

5  and/or sold goods, specifically handbags and wallets, bearing marks confusingly

6  similar to Coach's famous Signature "C" Mark.

7      20.   Upon information and belief, Defendants Catherine Lee, President of

8  Comely, and James Lee, Manager at Comely, are the active, moving,  conscious forces

9  behind the alleged infringing activities of Comely.

10      21.   None of the above-named Defendants are authorized by Coach to

11  manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any

12  of the Coach Marks.

13               **FIRST CLAIM FOR RELIEF**

14       **(Trademark Counterfeiting – 15 U.S.C. § 1114)**

15      22.   Plaintiffs incorporate herein by reference the averments of the preceding

16  paragraphs as though fully set forth herein.

17      23.   Defendants, without authorization from Coach, have used and are

18  continuing to use spurious designations that are identical to, or substantially

19  indistinguishable from, Coach's Signature "C" Mark in interstate commerce.

20      24.   The foregoing acts of Defendants are intended to cause, have caused, and

21  are likely to continue to cause confusion or mistake, or to deceive consumers, the

22  public, and the trade into believing that Defendants' products are genuine or authorized

23  products of Coach.

24      25.   Upon information and belief, Defendants have acted with knowledge of

25  Coach's ownership of the Signature "C" Mark and with deliberate intention or willful

26  blindness to unfairly benefit from the incalculable goodwill inherent in the Coach

27  Marks.

28

1    26.    Defendants' acts constitute trademark counterfeiting in violation of

2    Section 32 of the Lanham Act (15 U.S.C. § 1114).

3    27.    Upon information and belief, Defendants have made and will continue to

4    make substantial profits and gains to which they are not in law or equity entitled.

5    28.    Upon information and belief, Defendants intend to continue their

6    infringing acts, unless restrained by this Court.

7    29.    Defendants' acts have damaged and will continue to damage Plaintiffs,

8    and Plaintiffs have no adequate remedy at law.

9    30.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

10   prohibiting Defendants from using the Signature "C" Mark or any marks identical

11   and/or confusingly similar thereto for any purpose, and to recover from Defendants all

12   damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a

13   result of such infringing acts, and all gains, profits and advantages obtained by

14   Defendants as a result thereof, in an amount not yet known, as well as the costs of this

15   action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to

16   15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

17                    **SECOND CLAIM FOR RELIEF**

18          **(Federal Trademark Infringement – 15 U.S.C. 1114)**

19   31.    Plaintiffs incorporate herein by reference the averments of the preceding

20   paragraphs as though fully set forth herein.

21   32.    The Signature "C" Mark is nationally recognized, including within the

22   Central District of California, as being affixed to goods and merchandise of the highest

23   quality and coming from Plaintiffs.

24   33.    The registrations embodying the Signature "C" Mark are in full force and

25   effect and Plaintiffs have authorized responsible manufacturers and vendors to sell

26   merchandise with these marks.

27   34.    Defendants' unauthorized use of the Signature "C" Mark on inferior

28   quality merchandise in interstate commerce and advertising relating to same

1   constitutes false designation of origin and a false representation that the goods and

2   services are manufactured, offered, sponsored, authorized, licensed by or otherwise

3   connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of

4   the same quality as that assured by the Coach Marks.

5        35.    Defendants' use of the Signature "C" Mark is without Plaintiffs'

6   permission or authority and is in total disregard of Plaintiffs' rights to control their

7   trademarks.

8        36.    Defendants' activities are likely to lead to and result in confusion, mistake

9   or deception and are likely to cause the public to believe that Plaintiffs have produced,

10   sponsored, authorized, licensed or are otherwise connected or affiliated with

11   Defendants' commercial and business activities, all to the detriment of Plaintiffs.

12        37.    Upon information and belief, Defendants' acts are deliberate and intended

13   to confuse the public as to the source of Defendants' goods or services and to injure

14   Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs'

15   trademarks.

16        38.    As a direct and proximate result of Defendants' willful and unlawful

17   conduct, Plaintiffs have been injured and will continue to suffer injury to their

18   businesses and reputations unless Defendants are restrained by this Court from

19   infringing Plaintiffs' trademarks.

20        39.    Defendants' acts have damaged and will continue to damage Plaintiffs,

21   and Plaintiffs have no adequate remedy at law.

22        40.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

23   prohibiting Defendants from using the Signature "C" Mark or any marks identical

24   and/or confusingly similar thereto for any purpose, and to recover from Defendants all

25   damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a

26   result of such infringing acts, and all gains, profits and advantages obtained by

27   Defendants as a result thereof, in an amount not yet known, as well as the costs of this

28

COMPLAINT FOR DAMAGES

1   action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to

2   15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

### THIRD CLAIM FOR RELIEF

**(False Designation of Origin and False Advertising - 15 U.S.C. § 1125(a))**

41.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

42.     The Signature "C" Mark is nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Plaintiffs as the source of high-quality goods.

43.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of infringing Coach products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely to cause such parties to believe in error that the Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

44.     Defendants' use of the Signature "C" Mark is without Plaintiffs' permission or authority and is in total disregard of Plaintiffs' rights to control their trademarks.

45.     Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

46.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Signature "C" Mark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

/ / /

/ / /

8

## FOURTH CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

47.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48.     The Signature "C" Mark is a strong and distinctive mark that has been in use for many years and have achieved enormous and widespread public recognition, and is thus "famous" within the meaning of the Lanham Act.

49.     Defendants have used in commerce in connection with the sale of their products substantially indistinguishable and/or confusingly similar reproductions of the Signature "C" Mark, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiffs, or as to the origin, sponsorship, or approval of said infringing goods by Plaintiffs.

50.     Defendants' acts described above have diluted and continue to dilute the unique and distinctive Signature "C" Mark.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the Signature "C" Mark.

51.     Upon information and belief, Defendants' unlawful actions began long after the Signature "C" Mark became famous.

52.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on the reputation of the Coach® brand, and to dilute the Signature "C" Mark.  Defendants' conduct is willful, wanton, and egregious.

53.     Upon information and belief, the individual Defendants herein named were active, moving, conscious forces behind the alleged infringing activities.

54.     Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts unless they are enjoined by this Court.

55.   In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Signature "C" Mark, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of Cal. & Bus. Prof. Code)

56.   Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

57.   The Signature "C" Mark is distinctive in the state of California by virtue of its substantial inherent and acquired distinctiveness, extensive use in the state of California, and the extensive advertising and wide spread publicity of the mark in the state of California.

58.   As a result of the substantial inherent and acquired distinctiveness of the Signature "C" Mark, its extensive use in the state of California, and the extensive advertising and publicity of said mark in the state of California, the Signature "C" Mark has become strong and are widely renowned.

59.   The actions of Defendants complained of herein are likely to injure the business reputations and dilute the distinctive quality of the Signature "C" Mark, which is famous.

60.   The foregoing acts of Defendants constitute dilution and injury to business reputations in violation of the California Business and Professions Code.

61.   The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

1    62.    Upon information and belief, the individual Defendants herein named

2    were active, moving, conscious forces behind the alleged infringing activities.

3    63.    By reason of the foregoing, Plaintiffs are being damaged by Defendants'

4    unauthorized and illegal use of the Signature "C" Mark in the manner set forth above,

5    and will continue to be damaged unless Defendants are immediately enjoined under

6    Section 14247 of the California Business and Professions Code from using any of the

7    Coach Marks.

8    64.    Plaintiffs will be irreparably injured by the continued acts of Defendants,

9    unless such acts are enjoined.

10   65.    Defendants' acts have damaged and will continue to damage Plaintiffs,

11   and Plaintiffs have no adequate remedy at law.

12   66.    In light of the foregoing, Plaintiffs are entitled to injunctive relief

13   prohibiting Defendants from using the Signature "C" Mark for any purpose,

14   destruction of the infringing merchandise, and recovery of up to three times their

15   profits from, and up to three times all damages suffered by reason of, Defendants'

16   wrongful manufacture, use, display, or sale of infringing products.

17   **SIXTH CLAIM FOR RELIEF**

18   **(Common Law Unfair Competition)**

19   67.    Plaintiffs incorporate herein by reference the averments of the preceding

20   paragraphs as though fully set forth herein.

21   68.    Plaintiffs own and enjoy common law trademark rights to the Coach

22   Marks in California and throughout the United States.

23   69.    Defendants' unlawful acts in appropriating rights in the Signature "C"

24   Mark were intended to capitalize on Plaintiffs' goodwill associated therewith for

25   Defendants' own pecuniary gain.  Plaintiffs have expended substantial time, resources

26   and effort to obtain an excellent reputation for their respective brands.  As a result of

27   Plaintiffs' efforts, Defendants are now unjustly enriched and are benefiting from

28   property rights that rightfully belong to Plaintiffs.

70.     Defendants' unauthorized use of the Signature "C" Mark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

71.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

72.     Defendants' acts constitute unfair competition under California common law.

73.     Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

74.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights. Said conduct was despicable and harmful to Plaintiffs, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

75.     Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

76.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Signature "C" Mark, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, as follows:

1.      Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

COMPLAINT FOR DAMAGES

1        (a)    manufacturing, importing, advertising, marketing, promoting,

2    supplying, distributing, offering for sale, or selling any products which bear the Coach

3    Marks, including the Signature "C" Mark, or any other mark confusingly similar

4    thereto;

5        (b)    engaging in any other activity constituting unfair competition with

6    Coach, or acts and practices that deceive consumers, the public, and/or trade, including

7    without limitation, the use of designations and design elements associated with Coach;

8        (c)    engaging in any other activity that will dilute the distinctiveness of

9    the Coach Marks;

10       (d)    committing any other act which falsely represents or which has the

11   effect of falsely representing that the goods and services of Defendants are licensed by,

12   authorized by, offered by, produced by, sponsored by, or in any other way associated

13   with Plaintiffs;

14       2.    Ordering Defendants to recall from any distributors and retailers and to

15   deliver to Coach for destruction or other disposition all remaining inventory of all

16   infringing products, including all advertisements, promotional and marketing materials

17   therefore, as well as means of making same;

18       3.    Ordering Defendants to file with this Court and serve on Coach within

19   thirty (30) days after entry of the injunction a report in writing, under oath setting forth

20   in detail the manner and form in which Defendants have complied with the injunction;

21       4.    Ordering an accounting by Defendants of all gains, profits and advantages

22   derived from their wrongful acts;

23       5.    Awarding Plaintiffs all of Defendants' profits and all damages sustained

24   by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory

25   damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C.

26   § 1117(a);

27

28

COMPLAINT FOR DAMAGES

1    6.    Awarding treble damages in the amount of Defendants' profits or

2  Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15

3  U.S.C. § 1117(b);

4    7.    Awarding applicable interest, costs, disbursements and attorneys' fees,

5  pursuant to 15 U.S.C. § 1117(b);

6    8.    Awarding Plaintiffs' statutory damages pursuant to 15 U.S.C. §1117(c);

7    9.    Awarding Plaintiff punitive damages in connection with its claims under

8  California law; and

9    10.    Such other relief as may be just and proper.

10

11  Dated:  January 11, 2011                    BLAKELY LAW GROUP

12

13                                         By: _____

14                                             Brent H. Blakely
                                               Cindy Chan
15                                             *Attorneys for Plaintiffs*
                                               *Coach, Inc. and Coach Services, Inc.*

16

17                            **DEMAND FOR JURY TRIAL**

18          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

19  demand a trial by jury as to all claims in this litigation.

20

21  Dated:  January 11, 2011                    BLAKELY LAW GROUP

22

23                                         By: _____

24                                             Brent H. Blakely
                                               Cindy Chan
25                                             *Attorneys for Plaintiffs*
                                               *Coach, Inc. and Coach Services, Inc.*

26

27

28

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 362 DSF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

#### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** <br> 312 N. Spring St., Rm. G-8 <br> Los Angeles, CA 90012 | [_] **Southern Division** <br> 411 West Fourth St., Rm. 1-053 <br> Santa Ana, CA 92701-4516 | [_] **Eastern Division** <br> 3470 Twelfth St., Rm. 134 <br> Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
COACH, INC.
COACH SERVICES, INC.

**DEFENDANTS**
FASHION INNOVATION, INC. d/b/a COMELY
CATHERINE LEE
JAMES LEE

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

BLAKELY LAW GROUP
915 North Citrus Avenue, Hollywood, California 90038
(323) 464-7400

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 100,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement - LANHAM ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV 11·00362

**FOR OFFICE USE ONLY:**   Case Number: _____

#### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Coach, Inc. - New York<br>Coach Services, Inc. - Florida |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants - LOS ANGELES |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Claims Arose in LOS ANGELES |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   _____   Date January 11, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> FASHION INNOVATION, INC., a California Corporation d/b/a COMELY; CATHERINE LEE, an individual, JAMES LEE, an individual; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV11·00362** DSF(AJWx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): <u>FASHION INNOVATION, INC. d/b/a COMELY, CATHERINE LEE, and JAMES LEE</u>

    A lawsuit has been filed against you.

    Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _____BLAKELY LAW GROUP_____, whose address is <u>915 North Citrus Avenue, Hollywood, California 90038</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

JAN 1 2 2011

Clerk, U.S. District Court

**JULIE PRADO**

Dated: _____

By: _____
            Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*